Patricia DOUGHERTY *v.* Scott SULLIVAN

94-360                                              887 S.W.2d 305

Supreme Court of Arkansas
Opinion delivered November 14, 1994

*Brenda Horn Austin*, for appellant.

*Roy & Lambert*, by: *James H. Bingaman*, for appellee.

DAVID NEWBERN, Justice. Patricia Dougherty and Scott Sullivan were involved in an automobile accident. Ms. Dougherty attempted to sue Mr. Sullivan for negligence. The Trial Court dismissed Ms. Dougherty's claim due to the untimeliness of service of process. As it was the second dismissal, it was with prejudice. Ms. Dougherty argues the Trial Court erred because she served Mr. Sullivan once in accordance with Ark. Code Ann. § 16-58-120 (1987) and again in accordance with Ark. R. Civ. P. 4(i), both in a timely manner. We hold that neither attempt was proper, thus we affirm the dismissal with prejudice. Ms. Dougherty also cites Ark. Code Ann. §§ 16-56-120 and 16-56-126 (1987) in her argument that the complaint was timely served. Those statutes do not deal with the timing of service. They deal with extension of the statute of limitations. No issue is presented in this case with respect to that matter, so we do not discuss those statutes.

The accident occurred on April 12, 1986. On March 23, 1989, Ms. Dougherty filed a complaint. In March of 1991, Ms. Dougherty took a voluntary nonsuit. The complaint was refiled on March 25, 1992. On July 14, 1992, Ms. Dougherty requested an extension of time to obtain service. The time for service was extended to October 21, 1992.

On April 9, 1993, almost six months after the extended period for service had expired, Ms. Dougherty sought and received from the Trial Court another extension of time for service. Mr. Sullivan was personally served in April of 1993, which was within the time permitted in the second extension.

Mr. Sullivan moved to vacate the second order extending time for service and to dismiss the complaint with prejudice. The Trial Court granted the motion. In a very thorough and helpful letter opinion the Trial Court explained that the attempted service pursuant to § 16-58-120 was invalid because the service provisions in that statute were superseded by the Arkansas Rules of Civil Procedure. The Court also concluded that, whether or not the statutory service provisions were superseded, service was inadequate under the statute because there was no allegation in

the original complaint that the defendant had left the State and was outside Arkansas. The Trial Court interpreted Rule 4(i) as precluding any extension of time for service unless sought by motion within the period of the previous extension. It was thus held that the second extension of time for service was invalid as was the service which ultimately occurred during that second extension.

### 1. The rule

Ms. Dougherty first argues that the plain language of Rule 4(i) requires only that "*a* motion to extend is made within 120 days of the filing of the suit." (Emphasis supplied.) She contends the rule does not limit the number of extensions one may receive, nor does it require that a subsequent motion be made within any particular time so long as the initial motion was made within 120 days of the filing of the complaint.

Mr. Sullivan contends that, as Ms. Dougherty failed to obtain service of process prior to October 21, 1992, the date the original extension expired, the Trial Court had no choice but to dismiss the complaint.

■ Service of process must be accomplished within 120 days after the filing of the complaint absent a motion to extend. Rule 4(i). *See Lawson* v. *Edmondson*, 302 Ark. 46, 786 S.W.2d 823 (1990). If service is not obtained within 120 days of filing the complaint and no motion to extend is made, dismissal is required upon motion or upon the court's own initiative. *See Lyons* v. *Forrest City Machine Works, Inc.*, 301 Ark. 559, 785 S.W.2d 220 (1990).

■ It would make no sense whatever to hold that, as long as one extension is obtained within the time set for service, subsequent ones need not be. If that were the case, a plaintiff could be granted extensions even years after the time for service set by the rule or by the court had expired, and that would be contrary to the spirit of the rule as we have interpreted it. We agree with the Trial Court's conclusion that the second extension was invalid and thus service was not accomplished in accordance with Rule 4(i) because it was untimely.

## 2. *The statute*

We need not decide whether the service of process provisions of § 16-58-120 have been superseded by Rule 4 because we agree with the Trial Court's conclusion that the attempt to serve Mr. Sullivan in accordance with the statutory provisions was ineffective in any event. The statute was obviously intended to establish personal jurisdiction of one who leaves Arkansas after having committed an act in this State giving rise to liability. Pertinent parts of the statute are as follows:

> (a) Any cause of action arising out of acts done in this state by an individual in this state . . . may be sued upon in this state, although the defendant has left this state, by process served upon or mailed to the individual or corporation outside the state.

> (b)(1) Any resident or nonresident person who commits acts in this state sufficient to give an individual in this state a cause of action against the person committing the acts, shall be deemed to have appointed the Secretary of State as his agent for service of process on him in any suit arising out of the acts committed by said resident or nonresident.

> (2) Service of the process shall be made by serving a copy of the process on the Secretary of State. Such service shall be sufficient service upon the nonresident person or any resident person, who has subsequently absented himself physically from the state . . . .

> \*\*\*

> (4) The Secretary of State, upon receiving a copy of the service of summons shall also forthwith mail a copy of the summons together with a copy of the complaint to the last and best known address of the named defendant in the suit, notifying him of the filing of the suit.

> \*\*\*

Nothing stated in the complaint of March 25, 1992, indicated that Mr. Sullivan had left the State. It stated simply that Mr. Sullivan resided in Springdale. In an affidavit of service filed

September 25, 1992, Ms. Dougherty's counsel stated she had attempted service by mail which had been returned unclaimed. She also stated she had mailed the summons and complaint to the Secretary of State. In an amended affidavit of service filed October 8, 1992, counsel alluded to an unsuccessful attempt at personal service by a private investigation firm, and stated further that the Secretary of State's attempted service by mail was returned unclaimed. In neither affidavit was there any statement that Mr. Sullivan had absented himself from the State.

■ Statutes providing a method of service in derogation of common law must be strictly construed, and compliance with such statutes must be exact. *Wilburn* v. *Keenen Cos., Inc.*, 298 Ark. 461, 768 S.W.2d 531 (1989). The plain language of the statute requires that the person upon whom service is sought must be one "who has subsequently absented himself physically from this state."

■ In *Howard* v. *Craighead County Court*, 278 Ark. 117, 644 S.W.2d 256 (1983), the plaintiff brought a paternity suit under § 16-58-120, then codified as Ark. Stat. Ann. § 27-339.1, against a person residing in Florida. She alleged that at the time of the child's birth the defendant was a resident of Jonesboro. We held the complaint was fatally deficient because it failed to allege that the act of coition occurred in Arkansas, "such an allegation being essential to bring the proceeding within" the statute. As in the *Howard* case, there was nothing in the complaint which would bring this action within the terms of § 16-58-120 at the time service was attempted. In the complaint which was ultimately served upon Mr. Sullivan, Ms. Dougherty alleged that Mr. Sullivan had been in Kansas earlier. The allegation was irrelevant to the service of that complaint, and Ms. Dougherty does not suggest, nor could we agree, that it had any revival effect upon the complaint she attempted to serve through the Secretary of State.

Affirmed.