Sharon GILMORE v. Juanita BRYANT

CA 94-33                                       894 S.W.2d 607

Court of Appeals of Arkansas
Division II
Opinion delivered March 15, 1995

*Stephen D. Ralph*, for appellant.

*Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A.*, by: *Sam Laser* and *Brian Allen Brown*, for appellant.

MELVIN MAYFIELD, Judge. Sharon Gilmore appeals from an order of the Conway County Circuit Court that dismissed her complaint against appellee Juanita Bryant with prejudice.

On December 15, 1992, appellant filed suit against the appellee for injuries sustained in an automobile accident. The appellee filed a motion to dismiss alleging this was the third time the lawsuit had been filed; that the first dismissal was voluntary; that the second dismissal was for failure to obtain timely service under Ark. R. Civ. P. 4(i); and that, under Ark. R. Civ. P. 41, the second dismissal was an adjudication on the merits.

In a response to appellee's motion the appellant denied that the second dismissal was an adjudication on the merits and alleged that it was without prejudice.

At a hearing on September 14, 1993, the trial court held that the first dismissal was a nonsuit and that the second one was for failure to perfect service. Although the judge said he knew of no case on point, he was of the opinion that the second dismissal constituted an adjudication on the merits and the suit could not be refiled again. Therefore, the trial court dismissed appellant's complaint with prejudice.

On appeal, appellant argues the present cause of action is not barred by Ark. R. Civ. P. 41 because her second suit was dismissed for the reason that service had not occurred within 120 days. Appellant points out that under Ark. R. Civ. P. 4(i) it is specifically provided that if service of summons is not made within 120 days after the complaint is filed the action shall be dismissed "without prejudice." *Lyons* v. *Forrest City Machine Works*, 301 Ark. 559, 785 S.W.2d 220 (1990), is cited to support the appellant's reading of the rule. Appellant then cites *Carton* v. *Missouri Pacific Railroad*, 295 Ark. 126, 747 S.W.2d 93 (1988), where it was held that Ark. Rule Civ. P. 41(a) is not applicable where one of two dismissals is on the motion of the defendant and not the plaintiff. Rule 41(a) provides as follows:

> Subject to the provisions of Rule 23(d) and Rule 66, an action may be dismissed without prejudice to a future action by the plaintiff before the final submission of the case to the jury, or to the court where the trial is by the court, provided, however, that such dismissal operates as adju-

dication on the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based upon or including the same claim, unless all parties agree by written stipulation that such dismissal is without prejudice.

The appellee contends, however, that the second dismissal in the instant case operated as a dismissal with prejudice under Ark. R. Civ. P. 41(b), which provides:

In any case in which there has been a failure of the plaintiff to comply with these rules or any order of court or in which there has been no action shown on the record for the past 12 months, the court shall cause notice to be mailed to the attorneys of record, and to any party not represented by an attorney, that the case will be dismissed for want of prosecution unless on a stated day application is made, upon a showing of good cause, to continue the case on the court's docket. A dismissal under this subdivision is without prejudice to a future action by the plaintiff unless the action has been previously dismissed, whether voluntarily or involuntarily, in which event such dismissal operates as an adjudication on the merits.

Appellee relies on *Dawson v. Gerritsen*, 295 Ark. 206, 748 S.W.2d 33 (1988). The opinion in that case refers to a previous case. Both cases were medical malpractice suits arising out of the same incident, and both cases sought damages for the wrongful death of Mary Frances Dawson. In order to commence the suits the plaintiffs were required to give a sixty-day notice. *See* Ark. Code Ann. § 16-114-204 (1987). In the first case, *Dawson v. Gerritsen*, 290 Ark. 499, 720 S.W.2d 714 (1986), the administrator of the estate filed suit without giving notice. When the defendants moved to dismiss, the administrator took a voluntary nonsuit. Five days later he filed another suit without giving the notice. Defendants again moved for dismissal and it was granted. On appeal, our supreme court held that the trial court was correct in dismissing the second suit because the required notice was never given.

Before the supreme court decided the appeal in the first *Dawson* case, suit was filed in the second case. This suit was filed on behalf of the minor sons of the deceased, and the sixty-

day notice was given. However, the trial court granted summary judgment for the defendants. This was affirmed by our supreme court on the basis that the cause of action alleged was the same cause of action alleged in the first case, and the second dismissal in the first case had operated as an adjudication on the merits under Ark. R. Civ. P. 41.

The appellee says that "the holding in *Dawson* is consistent with Rule 41(b)." That subdivision talks about the failure of a plaintiff to comply with "these rules or any order of court" and concludes by stating that a dismissal under that subdivision "is without prejudice to a future action by the plaintiff unless the action has been previously dismissed, whether voluntarily or involuntarily, in which event such dismissal operates as an adjudication on the merits."

Without further discussion, it is plain to see that the *Carton* case involved the voluntary nonsuit of a case in federal district court which was refiled in that court and then dismissed by that court for lack of diversity. The suit was then filed in a state trial court which granted a motion to dismiss based upon the theory that the dismissal in federal court for lack of subject matter jurisdiction operated as an adjudication on the merits under Rule 41(a). On appeal to the Arkansas Supreme Court it was held that the trial court had erred because Rule 41(a) was not applicable.

On the other hand, in the first *Dawson* case it is clear there was a failure to comply with the 60-day notice rule, and the dismissal for that reason came after the suit had been voluntarily nonsuited. Under these circumstances, the supreme court said in the second *Dawson* case that the second dismissal in the first *Dawson* case was an adjudication on the merits under Rule 41(b).

■ We are not, however, clear as to the rationale of the *Carton* and *Dawson* cases. But without attempting to interpret or apply either of them in this case, it seems to us that when this case was dismissed for failure to obtain timely service under Ark. R. Civ. P. 4(i), that subdivision provided the answer to the issue now before us. It states very simply, "If service of the summons is not made upon a defendant within 120 days after the filing of the complaint, the action shall be dismissed as to that defendant *without prejudice* upon motion or upon the court's initiative." (Emphasis supplied.) Thus, by the application of this specific

language we conclude that the trial court erred in dismissing the appellant's complaint with prejudice.

Reversed and remanded.

JENNINGS, C.J., and ROBBINS, J., agree.