Ilene KINGSBURY *v.* R. Maxine ROBERTSON

95-435                                              923 S.W.2d 273

Supreme Court of Arkansas
Opinion delivered June 3, 1996

Donald R. Roberts, for appellant.

Sam L. Anderson, Sr., for appellee.

TOM GLAZE, Justice. Appellant Ilene Kingsbury is the niece and heir of Claude Rogers, who died on October 16, 1989. Rogers, a widower with no children, had engaged appellee Maxine Robertson to be his caretaker-nurse and gave her power of attorney on February 15, 1989. There was evidence that Robertson was representing herself to be Rogers's wife at the time of his death, although the two had never married. On November 12, 1993, Kingsbury sued Robertson, alleging breach of fiduciary duty and intentional infliction of emotional distress. Specifically, the complaint stated that Robertson: (1) concealed assets of Rogers's estate; (2) attempted to probate the estate using a fraudulent will; (3) misrepresented herself to be Rogers's wife, "causing acts to be done which would not have been but for the misrepresentation"; (4) concealed Rogers's death from the next of kin; (5) ordered the cremation of his body without Kingsbury's knowledge; and (6) attempted to convert the assets of Rogers's estate after his death using a power of attorney.

Robertson moved to dismiss on the basis that the suit was barred by the three-year statute of limitations that applies to tort actions. Ark. Code Ann. § 16-56-105 (1987). She asserted that any

cause of action would have accrued on October 16, 1989, the date of Rogers's death. Kingsbury argued in response that these acts had been ongoing until March of 1990, and she attached various documents reflecting these acts and their dates of occurrence.

The trial court treated the motion to dismiss as a motion for summary judgment. It found that all of the alleged breaches of fiduciary duty took place more than three years prior to the filing of Kingsbury's suit and Kingsbury was aware of these acts. Further, the trial court concluded that the allegations regarding concealment of Rogers's death and cremation were the only claims that would give rise to a suit for outrage, and as Rogers had died more than three years prior to the filing of this action, the statute of limitations barred such claims.

Kingsbury contends that the trial court erred in finding her claims for breach of fiduciary duty and the tort of outrage were barred by the statute of limitations. However, we are unable to reach the merits of Kingsbury's appeal because her abstract is flagrantly deficient. Ark. Sup. Ct. R. 4-2(b)(2).

■    Kingsbury's argument to this court concerns the applicability of the statute of limitations to the specific allegations in her complaint, but the abstract of her complaint fails to reflect those specific allegations. Instead, the complaint, as abstracted, simply states that Kingsbury sought compensatory damages for breach of fiduciary duty and compensatory and punitive damages for outrage. We have repeatedly held that a proper summary of the pleadings upon which the case was brought is essential for the court to consider the case. *Bohannon* v. *Arkansas State Bd. of Nursing,* 320 Ark. 169, 895 S.W.2d 923 (1995); *Logan County* v. *Tritt,* 302 Ark. 81, 787 S.W.2d 239 (1990).

Kingsbury also significantly failed to abstract exhibits that are essential to the determination of this appeal. Her argument to the trial court was that breaches of fiduciary duty had been ongoing since the date of Rogers's death and not before. In her response to Robertson's motion to dismiss, Kingsbury attached the following documents and orders in support of her contention that the statute of limitations had been tolled and was therefore inapplicable: (1) an authorization to cremate dated October 16, 1989; (2) a funeral home information sheet dated October 17, 1989, upon which Robertson stated she was Rogers's wife; (3) Rogers's obituary dated

October 17, 1989, reflecting that Robertson was his wife; (4) an order from the probate court dated December 22, 1989, requiring Robertson to turn over assets of his estate; (5) a letter from Robertson's lawyer dated February 28, 1990, stating that the assets had been turned over; (6) a joint will of Robertson and Rogers, along with a February 26, 1990 opinion of a handwriting expert stating that Robertson had signed Rogers's name to it; (7) an April 30, 1990 order of the probate court dismissing Kingsbury's petition to probate the will; (8) an order dated May 8, 1991, requiring Robertson to release assets of decedent; and (8) Rogers's medical records with a notation dated March 10, 1990, wherein Robertson, representing herself as Rogers's wife, had requested that no medical information be given to Kingsbury.

Under Ark. Sup. Ct. R. 4-2(a)(6), exhibits necessary for a clear understanding of a case must be included in an abstract. *Id.*; *see also Carton* v. *Missouri Pac. R.R.*, 315 Ark. 5, 865 S.W.2d 635 (1993). When such exhibits are not included in the abstract, we will summarily affirm. *Pennington* v. *City of Sherwood*, 304 Ark. 362, 802 S.W.2d 456 (1991). We have repeatedly stated that it is impractical to require all seven members of this court to examine one transcript in order to decide an issue. *Zini* v. *Perciful*, 289 Ark. 343, 711 S.W.2d 477 (1986). The burden on an appellant to reproduce exhibits is slight, but the ability of seven justices to understand the issues presented is essential. *See* George Rose Smith, *Arkansas Appellate Reports: Abstracting the Record*, 31 Ark. L. Rev. 359, 365 (1977). Here, Kingsbury's complaint and exhibits to her responsive pleading presented the core of her argument that the limitations statute did not bar her claims. Without those items being abstracted for the court's consideration, her argument must fail. Therefore, because Kingsbury's abstract is inadequate for a resolution of the issues presented, we summarily affirm the decision of the trial court.

DUDLEY, J., not participating.