John L. BAKKER, D.D.S. *v.* Anna RALSTON and Judy Champlin

96-510 (consolidated with 96-511)  932 S.W.2d 325

Supreme Court of Arkansas
Opinion delivered November 11, 1996

*Davis, Cox & Wright, P.L.C.*, by: *Walter B. Cox* and *Tim E. Howell*, for appellant.

*Laura J. McKinnon*, for appellees.

DONALD L. CORBIN, Justice. Appellant, John L. Bakker, D.D.S., appeals two orders of the Washington County Circuit Court dismissing without prejudice two complaints against him for dental malpractice, breach of fiduciary duty, outrageous conduct, and invasion of privacy. The dismissals were granted based on failure to serve Appellant with the summonses. Appellant contends the dismissals should have been with prejudice because separate Appellees Anna Ralston and Judy Champlin had previously taken voluntary nonsuits. We find merit to Appellant's argument and therefore affirm the orders of dismissal but modify them as being with prejudice.

This appeal consolidates two cases filed separately by Appellee Ralston and Appellee Champlin; both cases involve the same issue on appeal. The court of appeals certified this case to us pursuant to Ark. Sup. Ct. R. 1-2(d). This appeal requires interpretation of the Arkansas Rules of Civil Procedure, specifically Rules 4 and 41, and resolution of a conflict between a decision of this court and the court of appeals.

Appellee Champlin filed her first complaint on March 5, 1992. Appellee Ralston filed her first complaint on December 10, 1993. Both complaints were dismissed by voluntary nonsuits on December 15, 1994. Both complaints were refiled on June 20, 1995, but summonses were never served on Appellant. Neither Appellee Champlin nor Appellee Ralston moved for an extension of the 120-day period to obtain service as provided in ARCP Rule 4(i).

Relying on Rule 4(i), Appellant filed motions to dismiss both complaints for failure to obtain service upon him. Appellant argued that, although Rule 4(i) provides that a dismissal for failure to obtain service be without prejudice, these dismissals should be with prejudice pursuant to ARCP Rule 41(b) because Appellees had previously dismissed their complaints voluntarily. The trial court entered an order granting Appellant's motion to dismiss, but denying the request that the dismissal be without prejudice. This appeal followed. Appellant makes the same argument on appeal that he made to the trial court in his motion to dismiss.

We note that neither Appellee Champlin nor Appellee Ralston have challenged on appeal the trial court's findings that service was not obtained or that an extension was not sought. Conse-

quently, those issues are not before us in this appeal. We note also that Appellee Champlin and Appellee Ralston did not file a brief in this appeal.

Rule 4(i) provides in pertinent part that "[i]f service of the summons is not made upon a defendant within 120 days after the filing of the complaint, the action shall be dismissed as to that defendant without prejudice upon motion or upon the court's initiative." Rule 41(b), however, provides:

> In any case in which there has been a failure of the plaintiff to comply with these rules . . . the court shall cause notice to be mailed to the attorneys of record . . . that the case will be dismissed for want of prosecution . . . . A dismissal under this subdivision is without prejudice to a future action by the plaintiff unless the action has been previously dismissed, whether voluntarily or involuntarily, in which event such dismissal operates as an adjudication on the merits.

■■ Although without expressly addressing the overlap of these two procedural rules, this court has stated that when a dismissal is granted for failure to obtain service and the plaintiff has previously taken a voluntary nonsuit, the second dismissal is to be with prejudice. *Dougherty* v. *Sullivan*, 318 Ark. 608, 887 S.W.2d 305 (1994). This court has also stated that Rule 41(b)'s requirement that second dismissals operate as adjudications on the merits applies to a plaintiff's failure to comply with a statutory notice-of-intent-to-sue requirement. *Dawson* v. *Gerritsen*, 295 Ark. 206, 748 S.W.2d 33 (1988). Along somewhat similar lines, this court has stated that the "without prejudice" language of Rule 4(i) is not applicable if a plaintiff's cause of action is otherwise barred by the statute of limitations. *Green* v. *Wiggins*, 304 Ark. 484, 803 S.W.2d 536 (1991).

■■ *Dougherty*, 318 Ark. 608, 887 S.W.2d 305, controls this case as the facts are substantially similar. Both cases involve a first dismissal by voluntary nonsuit followed by a second dismissal for failure to obtain service. As for the overlap of Rules 4(i) and 41, we note that Rule 4(i) applies when there is a failure to obtain service and nothing more. *See Green*, 304 Ark. at 489, 803 S.W.2d at 539. Rule 41(b), however, is expressly addressed to a situation similar to the one presented here where there has been more than one dismissal, whether voluntary or involuntary. Rule 41 expresses that while a plaintiff may take a voluntary nonsuit without

prejudice, there is a limit to the number of times a case can be dismissed, regardless of whether the dismissals are voluntary under subdivision (a) or involuntary under subdivision (b). *See* reporter's notes to Rule 41. Here, Appellees' failure to serve Appellant was a failure to comply with Rule 4(i), or "a failure of the plaintiff to comply with these rules" as provided in Rule 41(b); such a failure results in an involuntary dismissal pursuant to Rule 41(b). Because these cases had previously been dismissed, Rule 41(b) requires that the second dismissals operate as adjudications on the merits. Accordingly, we hold that the trial court erred in granting these dismissals without prejudice.

■■■ Our decision today and our decision in *Dougherty*, 318 Ark. 608, 887 S.W.2d 305, are in direct conflict with *Gilmore v. Bryant*, 49 Ark. App. 26, 894 S.W.2d 607 (1995), although *Dougherty* was decided four months prior to *Gilmore*. Accordingly, we overrule *Gilmore*, 49 Ark. App. 26, 894 S.W.2d 607, and note that the trial court's reliance on *Gilmore* was misplaced. In his letter opinion, the trial court distinguished *Dougherty* and *Gilmore* on the basis that the complaint in *Dougherty* was barred by limitations. Such a distinction cannot be made on the facts as reported in *Dougherty*. Furthermore, the first paragraph of the *Dougherty* opinion expressly states that no limitations questions are discussed. Moreover, the trial court's distinction overlooks the rule that when a complaint is filed within the limitations period, nonsuited, and then refiled within the one-year savings statute, Ark. Code Ann. § 16-56-126 (1987), the complaint is held to be within the limitations period, so long as service was obtained within 120 days. *See Carton v. Missouri Pac. R.R. Co.*, 295 Ark. 126, 747 S.W.2d 93 (1988), and *Green*, 304 Ark. 484, 803 S.W.2d 536.

■ For the reasons aforementioned, the dismissals in these cases should have been granted with prejudice to future actions as adjudications on the merits. As is our practice in such cases, we affirm the result but modify to the extent the dismissals are with prejudice. *See generally Ratliff v. Moss*, 284 Ark. 16, 678 S.W.2d 369 (1984); *see also Haase v. Starnes*, 323 Ark. 263, 915 S.W.2d 675 (1996) (modifying from without prejudice to with prejudice) and *Insurance From CNA v. Keene Corp.*, 310 Ark. 605, 839 S.W.2d 199 (1992) (modifying dismissals under ARCP Rule 41).

Affirmed as modified.

Roaf, J., not participating.