NATIONAL ENTERPRISES, INC. and Arkansas No. 1 LLC
*v.* Charles REA and Mickie Rea, His Wife

97–274                                                            947 S.W.2d 378

Supreme Court of Arkansas
Opinion delivered July 7, 1997

[Petition for rehearing denied September 11, 1997.]

*Joel Taylor*, for appellants.

*Skokos, Bequette & Billingsley, P.A.*, by; *Jay Bequette* and *Keith I. Billingsley* and *Wood, Smith, Schnipper & Clay*, by: *Don M. Schnipper*, for appellees.

DONALD L. CORBIN, Justice. Appellants National Enterprises, Inc. ("NEI"), and Arkansas No. 1 LLC appeal the judgment of the Garland County Chancery Court permitting Appellees Charles P. Rea and Mickie Rea to equitably rescind their contract of purchase and deed of conveyance of a time-share unit located in the now–defunct Lakeshore Resort & Yacht Club in Hot Springs. Appellants raise four points for reversal, one of which requires an interpretation of Ark. Code Ann. § 18-14-601 (1987). Our jurisdiction is thus pursuant to Ark. Sup. Ct. R. 1-2(a)(17)(vi) (as amended by *per curiam* July 15, 1996). We cannot reach the merits of the appeal, however, due to a flagrantly deficient abstract. Accordingly, we affirm pursuant to Ark. Sup. Ct. R. 4-2(a)(6).

From the sparse abstract provided to us, it appears that Appellees purchased a time-share condominium from Hansen, Hooper & Hayes, Inc., the developer of the Lakeshore project. Appellant NEI purchased the note and mortgage on the condominiums from the Resolution Trust Corporation ("RTC") and subsequently foreclosed on the property. Appellees filed suit against NEI for rescission of the contract, alleging that NEI had failed to provide them with utilities, parking, and access to the facilities of the adjacent hotel, as promised by the original developer. Sometime after Appellees had filed suit, NEI transferred 100% of its right, title, and interest to Arkansas No. 1 LLC. The chancellor ruled in favor of Appellees on a theory of constructive fraud and this appeal followed.

The points argued on appeal comprise two issues: (1) Whether Appellants were the proper party defendants as the successors-in-interest to the developer, and (2) whether there was sufficient evidence of constructive fraud. We are unable to reach the merits of either of these points due to the fact that Appellants have failed to abstract the following essential documents: (1) The note and mortgage on the Lakeshore property purchased by NEI from the RTC; (2) the original contract for the purchase of the time-share unit entered into by Appellees and the developers; (3) the foreclosure action executed by NEI on the Lakeshore time-share project; (4) a letter written by an ex-employee of NEI on December 3, 1993, advising time-share purchasers that the services and amenities previously provided by the hotel had been terminated; and (5) the master deed and by-laws of the time-share development.

Additionally, Appellants have failed to sufficiently abstract the relevant parts of the chancellor's letter order, which actually comprised some seven pages[1], but is summarized in one paragraph as follows:

> Defendants['] status as successor in interest to Hanson [sic], Hooper & Hayes cannot be seriously questioned. In order to rescind a contract, actual fraud is not necessary, and constructive fraud is sufficient. Plaintiffs did not prove actual fraud, but the Court finds constructive fraud. Plaintiffs are entitled to rescission. The provision in the By-Laws which require the developer to relinquish its right and duty to administer the regime no later than three years following the first sale of the unit week was not supported by testimony that the counsel of co-owners was established. Plaintiff's [sic] resitutionary [sic] damages should be reduced pro rata, based upon the amount of use they had in their time-share.

It is fundamental that the record on appeal is confined to that which is abstracted and cannot be contradicted or supplemented by statements made in the argument portions of the briefs. *In the Estate of Brumley*, 323 Ark. 431, 914 S.W.2d 735 (1996).

---

[1] We only know that the actual letter order comprised at least seven pages because Appellants have quoted from page seven of the order in the argument portion of their brief.

Appellants are required to abstract such material parts of the pleadings, proceedings, facts, documents, exhibits, and other matters in the record as are necessary to an understanding of each issue presented to this court for review. *Kingsbury v. Robertson*, 325 Ark. 12, 923 S.W.2d 273 (1996); *Brumley*, 323 Ark. 431, 914 S.W.2d 735. The judgment or decree appealed from, including relevant factual findings, is an essential part of the abstract. *Pulaski County Child Supp. Enforcement Unit v. Norem*, 328 Ark. 546, 944 S.W.2d 846 (1997). Failure to abstract a critical document precludes this court from considering any issues concerning it. *Brumley*, 323 Ark. 431, 914 S.W.2d 735. Similarly, when those exhibits necessary for a clear understanding of the issues are not included in the abstract, we will summarily affirm the decision of the trial court. *Kingsbury*, 325 Ark. 12, 923 S.W.2d 273. We have stated on occasions too numerous to count that it is impractical to require all seven members of this court to examine one transcript in order to decide an issue. *See, e.g., Duque v. Oshman's Sporting Goods Servs., Inc.*, 327 Ark. 224, 937 S.W.2d 179 (1997); *Kingsbury*, 325 Ark. 12, 923 S.W.2d 273.

From the abstract provided, we cannot discern what services, if any, Appellants were obligated to provide to Appellees and other time-share owners or what the original developer was obligated to provide. Without a copy of the note and mortgage purchased by NEI from the RTC, we cannot address Appellants' argument that Appellees' time-share unit was specifically excluded from the mortgage. Moreover, without a copy of the master deed and by-laws, we cannot address Appellants' argument that the developer's obligations ceased after three years from the date of the sale of the first time-share week. Furthermore, without being able to examine the letter written by the ex-employee of NEI, we cannot address Appellants' argument that the trial court erred in finding that statements made in the letter were authorized by Appellants and were binding upon them as admissions. Though there are scant references to these documents contained in the abstracted testimony and in the argument portion of Appellants' briefs, as well as references to some of the documents as trial exhibits, such references do not comply with this court's abstracting requirements set out in Ark. Sup. Ct. R. 4-2(a)(6).

Correspondingly, from Appellants' summary of the chancellor's order, we are left to guess as to the specific factual findings made by the trial court and her reasons for ruling as she did. It is further unclear from the abstracted order that the chancellor ever ruled on Appellants' argument concerning the application of section 18-14-601 to the facts of this case. Without the benefit of knowing the specific findings and conclusions made by the trial court, it is well nigh impossible for this court to conduct a meaningful review of Appellants' allegations of error. Accordingly, we affirm the order of the chancery court.