## Larry Douglass BROWN *v.* Jim Guy TUCKER

96-1379 954 S.W.2d 262

Supreme Court of Arkansas
Opinion delivered November 6, 1997

*Tona M. DeMers*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kay J. Jackson DeMailly*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant Larry Douglass Brown appeals the order of the Pulaski County Circuit Court dismissing his complaint against Appellee Jim Guy Tucker for slander, tortious interference with employment expectancy, and outrage. Our jurisdiction of this appeal is pursuant to Ark. Sup. Ct. R. 1-2(a)(15), as it presents issues involving the law of torts. Appellant argues on appeal that the trial court erred in dismissing his complaint. We find no error and affirm.

From what little facts we have been provided, it appears that Appellant filed suit against Appellee as a result of Appellant's being removed from his position as an investigator with the Arkansas State Police, and being reassigned to the position of patrol officer. In his motion to dismiss filed below, Appellee raised the issues of sovereign immunity, individual immunity, and the complaint's failure to state facts upon which relief could be granted as provided in ARCP Rule 12(b)(6). The order of the trial court, however, reflects only that Appellee's motion to dismiss was granted; there is no indication as to why the case was dismissed, nor are there any factual findings or conclusions. We affirm the trial court's ruling on the basis that Appellant failed to state sufficient facts in his complaint.

In reviewing the denial of a dismissal granted pursuant to Rule 12(b)(6), we treat the facts alleged in the complaint as true and view them in the light most favorable to the party who filed the complaint. *Malone v. Trans-States Lines, Inc.*, 325 Ark. 383, 926 S.W.2d 659 (1996). When the trial court decides Rule

12(b)(6) motions, it must look only to the complaint. *Id.* This court has summarized the requirements for pleading facts as follows:

> Arkansas has adopted a clear standard to require fact pleading: "a pleading which sets forth a claim for relief . . . shall contain (1) a statement in ordinary and concise language of facts showing that the pleader is entitled to relief . . ." ARCP Rule 8(a)(1). Rule 12(b)(6) provides for the dismissal of a complaint for "failure to state facts upon which relief can be granted." This court has stated that these two rules must be read together in testing the sufficiency of the complaint; facts, not mere conclusions, must be alleged. *Rabalaias v. Barnett,* 284 Ark. 527, 683 S.W.2d 919 (1985). In testing the sufficiency of the complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and pleadings are to be liberally construed. *Id.;* ARCP Rule 8(f).

*Malone,* 325 Ark. at 385-86, 926 S.W.2d at 661 (quoting *Hollingsworth v. First Nat'l Bank & Trust Co.,* 311 Ark. 637, 639, 846 S.W.2d 176, 178 (1993)). Where the complaint states only conclusions without facts, we will affirm the trial court's decision to dismiss the complaint pursuant to Rule 12(b)(6). *Id.*

Appellant's abstract lends little support to his argument that the trial court erred in dismissing his complaint. The complaint itself, which contains mostly legal conclusions, is abstracted as follows:

> Filed February 6, 1996. Plaintiff alleges slander, tortious interference with employment expectancy, and tort of outrage.
>
> Plaintiff was an investigator with the Arkansas State Police who was assigned to investigate the school funding formula. Plaintiff alleges tortious interference with business expectancy. Plaintiff also alleges that defendant slandered him by referring to him as incompetent and unable to function in his position. Plaintiff alleges that defendant forced Col[.] Tommy Goodwin to demote plaintiff with the hopeful end result of forcing plaintiff to resign. Plaintiff alleges that defendant's actions exceeded all bounds of common decency, amounting to tort of outrage for plaintiff's emotional distress.

This summation tells us virtually nothing of the facts and circumstances that form the bases of each of the three causes of action alleged by Appellant.

 Our rules require the abstracting of such material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of each issue presented to this court for review. Ark. Sup. Ct. R. 4-2(a)(6); *National Enters., Inc. v. Rea*, 329 Ark. 332, 947 S.W.2d 378 (1997); *Kingsbury v. Robertson*, 325 Ark. 12, 923 S.W.2d 273 (1996). It is Appellant's burden to demonstrate reversible error and to present a record evidencing such error. *Qualls v. Ferritor*, 329 Ark. 235, 947 S.W.2d 10 (1997). Moreover, it is fundamental that the record on appeal is confined to that which is abstracted and cannot be contradicted or supplemented by statements made in the argument portions of the brief. *National Enters.*, 329 Ark. 332, 947 S.W.2d 378. Here, Appellant states in his argument that the trial court erred in dismissing the case because the complaint was "more than adequate in that it contained nine pages of facts supporting appellant's claims, which were presented in chronological order with dates and times." Appellant then offers a citation to the place in the record where all the factual allegations can be found. Such reference to the record is not an adequate substitute for a complete abstract. *See Boren v. Worthen Nat'l Bank*, 324 Ark. 416, 921 S.W.2d 934 (1996). We have stated on occasions too numerous to count that it is impractical to require all seven members of this court to examine one transcript in order to decide an issue on appeal. *See, e.g., National Enters.*, 329 Ark. 332, 947 S.W.2d 378; *Duque v. Oshman's Sporting Goods Servs., Inc.*, 327 Ark. 224, 937 S.W.2d 179 (1997); *Kingsbury*, 325 Ark. 12, 923 S.W.2d 273. In short, Appellant has failed to produce a record demonstrating reversible error. By way of illustration, we discuss below some of the numerous factual deficiencies.

 In the first instance, Appellant claims that Appellee tortiously interfered with a business expectancy. The elements of tortious interference which must be proved are: (1) the existence of a valid contractual relationship or a business expectancy; (2) knowledge of the relationship or expectancy on the part of the interfering party; (3) intentional interference inducing or causing a

breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted. *Cross v. Arkansas Livestock & Poultry Comm'n,* 328 Ark. 255, 943 S.W.2d 230 (1997); *United Bilt Homes, Inc. v. Sampson,* 310 Ark. 47, 832 S.W.2d 502 (1992). The only facts alleged in the complaint pertaining to this claim are that Appellee forced Colonel Goodwin to demote Appellant with the hopeful end result of forcing him to resign. There are no facts demonstrating that Appellant had a valid contractual relationship or business expectancy in his job, or that he was damaged by Appellee's alleged actions. To the contrary, Appellee contends that Appellant was merely reassigned to another position with the state police; he was not demoted from his rank of corporal, nor was his pay reduced as a result of his new job assignment.

■ ■ In the second instance, Appellant claims that Appellee slandered him. The following elements must be proven to support a claim of defamation, whether it be by the spoken word (slander) or the written word (libel): (1) the defamatory nature of the statement of fact; (2) that statement's identification of or reference to the plaintiff; (3) publication of the statement by the defendant; (4) the defendant's fault in the publication; (5) the statement's falsity; and (6) damages. *Minor v. Failla,* 329 Ark. 274, 946 S.W.2d 954 (1997) (citing *Mitchell v. Globe Int'l Pub., Inc.,* 773 F. Supp. 1235 (W.D. Ark. 1991)). The only information offered in the complaint on this cause of action is that Appellee slandered Appellant by referring to him as "incompetent and unable to function in his position." The defamatory nature of those particular words is not evident, especially if Appellant was, in fact, not competent to function in his position. Nor is it evident that the statement implies an assertion of an objective verifiable fact. In order to determine whether a statement may be viewed as implying an assertion of fact, the following factors must be weighed: (1) whether the author used figurative or hyperbolic language that would negate the impression that he or she was seriously maintaining implied fact; (2) whether the general tenor of the publication negates this impression; and (3) whether the published assertion is susceptible of being proved true or false. *Dodson v. Dicker,* 306 Ark. 108, 812 S.W.2d 97 (1991) (citing *Unelko*

*Corp. v. Rooney*, 912 F.2d 1049 (9th Cir. 1990)). The words allegedly used by Appellee clearly possess the general tenor of an opinion, as opposed to a verifiable statement of fact. Furthermore, as with the first claim, Appellant has offered no factual assertion that he was damaged by the alleged slanderous remarks.

In the third instance, Appellant claims that Appellee's "actions exceeded all bounds of common decency, amounting to tort of outrage for plaintiff's emotional distress." In order to establish an outrage claim, it must be shown: (1) the actor intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; (2) the conduct was "extreme and outrageous," was "beyond all possible bounds of decency," and was "utterly intolerable in a civilized community"; (3) the actions of the defendant were the cause of the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was so severe that no reasonable man could be expected to endure it. *Angle v. Alexander*, 328 Ark. 714, 945 S.W.2d 933 (1997) (citing *Deitsch v. Tillery*, 309 Ark. 401, 833 S.W.2d 760 (1992)). Appellant's complaint contains nothing more than bare legal conclusions that Appellee's actions were extreme and exceeded all bounds of common decency.

In sum, even construing the complaint liberally, Appellant has failed to state sufficient facts upon which any relief can be granted. Accordingly, we conclude that the trial court did not err in dismissing the complaint pursuant to Rule 12(b)(6). We further modify the trial court's ruling to be a dismissal with prejudice, as Appellant has indicated that a prior suit was brought by him against Appellee and that the action was voluntarily nonsuited by him. *See Bakker v. Ralston*, 326 Ark. 575, 932 S.W.2d 325 (1996). Because we affirm the trial court's ruling under Rule 12(b)(6), we need not address the remaining issues pertaining to immunity.

Affirmed as modified.

Special Justices WILLIAM RANDALL WRIGHT, MICHELE HARRINGTON, and RICHARD LUSBY join in this opinion.

BROWN, IMBER, and THORNTON, JJ., not participating.