# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2831

_____

| | | |
|---|---|---|
| Larry Stringer, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Arkansas. |
| | * | |
| United Parcel Service, Inc., | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: January 15, 2002

Filed: January 24, 2002

_____

Before BOWMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Larry Stringer's employment as a United Parcel Service (UPS) driver was terminated after Stringer submitted two daily time cards reflecting more hours than he had worked and cashed the paycheck which included payment for those additional hours. Stringer contended he did not intend to defraud UPS, but he mistakenly turned in time cards for two half-day shifts which, because he had filled them out in advance, were marked as full-day shifts. After receiving no relief through UPS's grievance

process, Stringer brought suit in federal district court[*], claiming, among other things, that UPS's action terminating his employment constituted the Arkansas state law tort of outrage. The district court found for UPS on summary judgment, holding the facts alleged by Stringer did not support a claim of outrage as a matter of law. Stringer appeals, and we review the grant of summary judgment de novo. Equal Employment Opportunity Comm'n v. Woodbridge Corp., 263 F.3d 812, 814 (8th Cir. 2001).

The Arkansas tort of outrage has four elements. Brown v. Tucker, 954 S.W.2d 262, 266 (Ark. 1997). The only element Stringer can establish is that UPS's actions were the cause of his distress. See id. For Stringer to survive summary judgment on his outrage claim, though, he must show there are material facts in dispute which would establish the three additional elements of the tort and, therefore, that UPS is not entitled to judgment as a matter of law. See Woodbridge, 263 F.3d at 814. Having reviewed the parties' briefs and relevant Arkansas law, we conclude Stringer's claim cannot survive summary judgment.

First, UPS terminating Stringer's employment for the legitimate business reasons stated above is not "beyond all possible bounds of decency," or "utterly intolerable in a civilized community." Brown, 954 S.W.2d at 266. Second, although UPS concedes it knew of Stringer's fraudulent misrepresentation before the paycheck was issued, Stringer does not claim UPS intended to inflict emotional distress on him or that UPS knew or should have known its conduct would likely cause Stringer emotional distress. See id. Third, any emotional distress suffered by Stringer as a result of the termination of his employment was not so severe that no reasonable person could be expected to endure it. See id.

---

[*]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

We thus affirm the district court's grant of summary judgment to UPS on Stringer's outrage claim.  See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.