# BANK of GLENWOOD *v.*
# ARKANSAS STATE BANKING BOARD et al

76-157                                    543 S.W. 2d 761

## Opinion delivered November 22, 1976
## (In Banc)

[Rehearing denied December 20, 1976.]

*Wright, Lindsey & Jennings,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Fred Frawley,* Asst. Atty. Gen., and *Harry E. Meek,* for appellees.

*Stubblefield & Matthews,* for Intervenor, Caddo State Bank.

GEORGE ROSE SMITH, Justice. In July of 1975 an application was filed with the State Bank Commissioner for a charter for a new bank, to be named Caddo State Bank and to be located in the city of Glenwood. The application was resisted by the Bank of Glenwood, the only bank in the city. After the submission of extensive proof by both parties the State Banking Board entered an order granting the application upon the basis of detailed findings of fact. The Board's action was sustained by the circuit court. Four points for reversal are argued here.

We find no merit in the appellant's first argument, that the Bank Commissioner arbitrarily and capriciously limited the appellant's pre-hearing discovery. To begin with, the appellant succeeded in obtaining access to almost everything that it sought to examine. It was particularly interested in loans made by two escrow banks to subscribers to stock in the proposed bank. Eventually all those subscribers agreed to the appellant's request to see their individual files. There remained one master filed to which the appellant was at first denied access. The Bank Commissioner later ruled, we think correctly, that certain information in that file, with respect to proposed officers of the new bank, was confidential, and that the release of certain other data would give the Bank of Glenwood an unfair competitive advantage over the new bank. The Commissioner directed that information pertinent to those two matters be removed from the file, with the remaining contents of the file being made available to the appellant. We are not convinced either that the Commissioner created a "banker's privilege," as the appellant argues, or that any information relevant to the basic application was arbitrarily or capriciously withheld. No abuse of discretion is shown.

The appellant also argues that the limitation upon dis-

covery prevented its attorney from adequately preparing to cross-examine an adverse expert witness, James Becknell. *Rickett* v. *Hayes*, 251 Ark. 395, 473 S.W. 2d 446 (1971). It is asserted that Becknell testified that "the bank would be economically feasible and would show a profit after two years." It is then asserted that Becknell's projections were based upon expense figures supplied by Twin City Bank and that the appellant's inability to obtain those figures "severely restricted appellant's ability to cross-examine" Becknell.

The proof simply does not sustain this argument. If Becknell made any projections involving expenses over a two-year period or any other period, it must have been in a discovery deposition that is not in the record before us. In actuality, Becknell's testimony had to do with such matters as population growth in the Glenwood area, the influx of new business enterprises, dissatisfaction on the part of some people with the Bank of Glenwood, the "leakage" of potential deposits from the Glenwood area, and similar statistics that were offered to buttress Becknell's conclusion that the overall situation would support another bank in Glenwood. Becknell's direct examination included no projections about the new bank's income or expenses, nor was he cross-examined on that subject. Moreover, the Board relied primarily upon the Federal Deposit Insurance Corporation's computations in finding that the proposed bank's future earning prospects were favorable. We find no basis in the record for the appellant's argument that its ability to cross-examine Becknell was restricted.

As its second point for reversal the appellant argues that the Bank Commissioner acted unlawfully in assuming the supervision and enforcement of the Arkansas Securities Act with respect to the stock in the proposed bank. If so, the only persons who might be hurt would be the subscribers to the stock. We cannot see how the appellant has any standing to complain about this matter, even if it be assumed that its assertions are correct.

Thirdly, the appellant argues that the circuit court denied the appellant's constitutional and statutory right to judicial review. This argument is based upon Section 13 of the Administrative Procedure Act, which contains this

provision: "The [circuit] court shall, upon request, hear oral argument and receive written briefs." Ark. Stat. Ann. § 5-713 (g) (Repl. 1976).

Perhaps the appellant has a basis for complaint, but we are unwilling to remand the cause upon this ground. At the outset, we are not certain that the point was brought to the trial court's attention. The appellant first filed in the circuit court its "Notice of Appeal and Petition for Judicial Review," a two-page typewritten pleading. The prayer for relief asked the court to hear additional evidence, to hear oral argument and receive written briefs, and to reverse the decision of the Board. After several other pleadings had been filed by the parties the court entered its order, "being well and sufficiently advised," affirming the action of the Board. There is no indication that any request for oral argument or for the submission of briefs was actually presented to the court or that any such objection was made after the entry of the court's order, if we assume that it was made without notice to counsel. In the absence of any such request or objection, we are unwilling to say that the court should have invited oral argument or written briefs merely because those matters were included in the appellant's first pleading. (We note that no complaint is made about the trial court's failure to hear additional evidence, which was also mentioned in the same pleading.) Moreover, the appellant has had the opportunity to file written briefs and to ask for oral argument in our court. We do not imply that in no instance would we remand a case to the circuit court upon the ground now argued, but that action is not appropriate here.

The appellant's final contention is that the Board's decision to grant the new charter is not supported by substantial evidence. We find no merit in this contention, especially in the light of the supplemental abstract of the record, submitted by counsel for the applicants. The Board made unusually detailed and specific findings of fact and conclusions of law. We are convinced that the applicants' testimony, especially that of H. J. Ligon, John E. Cook, and Becknell, supports the Board's decision. Nothing would be accomplished by a narration of the evidence.

Affirmed.

BYRD, J., not participating.

JONES, J., dissents.

JOHN A. FOGLEMAN, Justice, dissenting to denial of petition for rehearing. I would grant the petition for rehearing because of denial of discovery of Twin City Bank's calculation of estimated operating expenses.