.Cecil L. WOOLSEY *v.* ARKANSAS
REAL ESTATE COMMISSION et al

77-347                                    565 S.W. 2d 22

Opinion delivered May 1, 1978
(Division I)

*Tommy H. Russell* and *Don E. Tomlinson*, for appellant.

*Bill Clinton*, Atty. Gen., by: *Dave Greenbaum*, Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. In 1977 the Arkansas Real Estate Commission, after notice and a hearing, revoked the appellant Woolsey's license as a real estate broker, for cause. Woolsey, in seeking review in the Pulaski Circuit Court, asserted as conclusions of law various statutory grounds for a reversal of the Commission's decision, such as that the Commission "exceeded its statutory authority," that the decision "was made upon unlawful procedure," that the decision was not supported by substantial evidence of record, and that the decision "is otherwise affected by error of law." See § 13 of the Administrative Procedure Act; Ark. Stat. Ann. § 5-713 (h) (Repl. 1976).

After the record was lodged in the circuit court, counsel for the Commission asked for an early determination of the case, because the revocation of Woolsey's license had been temporarily stayed by the circuit court. The circuit judge promptly reviewed the complete record, found that the Commission's action was supported by "very substantial evidence," and notified the attorneys that the Commission's decision was affirmed. Some 10 days later Woolsey's attorneys sent a letter to the circuit judge requesting a hearing and expressing a desire to present additional testimony to the court. Those requests were denied, and this appeal followed.

We see no error. The testimony heard by the Commission has not been abstracted; so we must assume that the circuit court was correct in finding that the decision was supported by substantial evidence. Woolsey was not entitled to present additional evidence to the circuit court, because he failed to make the required statutory showing that the proposed evidence (the nature of which has not even been suggested) was material and that there were good reasons for his failure to present it to the Commission. Ark. Stat. Ann. § 5-713 (f). Finally, as in *Bank of Glenwood* v. *Ark. State Banking Board*, 260 Ark. 677, 543 S.W. 2d 761 (1976), we will not remand the cause to the circuit court merely to allow Woolsey to present an oral argument or to submit a brief there. The only issues are questions of law, with respect to which Woolsey has had a full opportunity to present his arguments to this court.

Affirmed.

We agree. HARRIS, C.J., and FOGLEMAN and HOLT, JJ.