ARKANSAS ALCOHOLIC BEVERAGE CONTROL
DIVISION, Robert S. Moore, Jr., Administrator; and Dr.
Carl Hyman, James N. Walters, F.E. Scott, Robert J. Jones
and Reid Holiman *v.* Kenneth M. COX, Jr., d/b/a The
Cotton Patch, Inc., And James M. Cox

91-6                                                      811 S.W.2d 305

Supreme Court of Arkansas
Opinion delivered June 17, 1991

*Donald R. Bennett*, for appellants.

*Hoofman & Bingham, P.A.*, by: *Clifton H. Hoofman* and *Friday, Eldredge & Clark*, by: *Michael G. Thompson*, for appellees.

TOM GLAZE, Justice. This appeal involves the appellees' (Coxes') request to transfer the location of a retail liquor and beer permit to a site on Highway 67 near the Miller County-Hempstead County line. At approximately the same time, a competitor, Margaret Gleason, made a similar request for a permit for a store to be located within a few hundred feet from where the Coxes would have their outlet. The Director of the Arkansas Alcoholic Beverage Control Division (ABC) denied both requests. However, the Coxes and Gleason appealed the Director's decision to the ABC Board, which granted Gleason's application, but then denied the Coxes' request.

The Coxes, who were intervening parties in Gleason's ABC Board proceeding, appealed the Board's decision granting a liquor permit to Gleason and that appeal was filed in the Sixth Division, Pulaski County Circuit Court. The Coxes also appealed the Board's denial of their permit request, but their appeal was lodged in the Second Division, Pulaski County Circuit Court. While these cases appeared to be companion cases, they were not consolidated. However, depositions of two of the ABC Board members, James N. Walters and Reid Holiman, were taken in the Sixth Division proceeding and, over ABC's objection, admitted into evidence at the trial in the Second Division Circuit Court.

After the trial judge reviewed the records of the Coxes and Gleason proceedings before the ABC Board, the Board's orders rendered in those hearings, and the Walters and Holiman depositions, he reversed the Board's denial of the Coxes' liquor permit request. The ABC Board appeals the trial court's decision, arguing the lower court erred (1) in admitting into evidence and considering the Gleason record before the Board and the deposi-

tions of the two Board members, (2) in ruling the two Board members had improperly engaged in *ex parte* communications concerning the Coxes' and Gleason's applications and (3) in deciding no substantial evidence existed to support the Board's denial of the Coxes' liquor permit request.

The ABC Board's first two arguments focus on separate communications made by Senator Jon Fitch and Betsy Wright of the Governor's Office to Board members Holiman and Walters regarding the pending requests of Gleason and the Coxes. Walters said that Ms. Wright called and told him the Governor's Office had "received considerable phone calls about the Cox case, that Walters should be aware there had been calls made, and that 'they' knew he [Walters] would do what was right." Holiman testified that Senator Fitch contacted him about the Gleason's and Coxes' requests and wanted to know how Holiman intended to vote. Holiman said that he told Fitch that "he [Fitch] couldn't expect me to try and help him politically in less than a day, if I could do it." Holiman said, "[Fitch]" wouldn't tell me where he was coming from although I believe I know." Both Walters and Holiman testified that these contacts did not affect their votes on either the Coxes' or Gleason's applications.

However, in reversing the Board's denial of the Coxes' application, the trial judge, in his order, stated, in addition to finding the evidence was insufficient to support the Board's denial, that the foregoing contacts with the two Board members had violated the Administrative Procedure Act and that those discussions (contacts) "so tainted the entire proceeding that there is an appearance of impropriety." The specific statutory provision to which the judge referred is Ark. Code Ann. § 25-15-209(a)(1987). That law in relevant part provides that ABC Board members or employees assigned to render a decision in any case shall not communicate, directly or indirectly, in connection with any issue of fact with any person or party nor in connection with any issue of law, with any party or his representative, except upon notice and opportunity for all parties to participate.

In its argument, the Board does not actually question the court's finding that the two contacts described above violated § 25-15-209(a). Instead, it contends the Board members' depositions relating or describing the two contacts should not have been

admitted and considered by the trial judge because Ark. Code Ann. § 25-15-212(g) limited his review of the Coxes' appeal to the record made by the parties in the ABC Board proceeding. In other words, because the Coxes had not presented evidence regarding the ex parte communications in their appeal to the Board, the trial court could not later consider those matters in its review. We disagree.

■ Section 25-15-212(g) not only provides that the court's administrative review shall be conducted by the court without a jury and confined to the record before the agency, it also states that, in cases of alleged irregularities in procedure before the agency, not shown in the record, testimony may be taken before the court. In addition, Ark. Code Ann. § 25-15-212(d)(4) (1987) provides that a court may require or permit subsequent corrections or additions to the record. Here, the third-party contacts made to Board members Holiman and Walters violated § 25-15-209(a) and, as procedural irregularities, were properly allowed by the trial court as added testimony describing those contacts and communications.

■ The Board alternatively claims that even if the contacts were properly considered by the trial court, the third party conversations, as related, amounted to "a big nothing," were *de minimus* and no prejudicial error was shown. The trial court found these violations alone would require the Board's order to be set aside, but, later in the same order, the court said that it did not intend to suggest either member of the Board had been compromised. Regardless of whether the ex parte communications alone warrant reversal of the Board's decision denying the Coxes a permit, we believe the trial court must be affirmed based upon its further holding that insufficient evidence existed to support the Board's decision.

In examining the record before the ABC proceeding, the trial court did so in view of the Board's findings that the Coxes' proposed outlet was remote and presented a law enforcement problem, their store would be located in an area of limited population and sufficient outlets (including the one the Board just granted Gleason) existed to serve the area, and the economic survival of the permit granted to Gleason would be brought into question if the board granted the Coxes' application. These

findings, the trial court stated, were negated by contrary findings made by the Board when granting Gleason's permit.

At this point, we note the Board's argument that part of the Gleason's proceeding and the Board's decision in that proceeding were erroneously made a part of the record by the trial court. The Gleason decision, however, was introduced without objection and, while the Board's challenge of the Gleason transcript is for other reasons dubious as well, the trial court's decision does not in any way appear to have been affected by the inclusion of the transcript. Instead, the trial court relied on the findings and conclusions set out in the Board's Gleason order and the testimony taken in the Coxes' proceeding before the Board.

In its review, the trial court found that the Coxes' outlet was to be located in the same area of Gleason's, and if Coxes' store posed a law enforcement problem, Gleason's outlet would as well. Nonetheless, in granting Gleason's permit, the Board never mentioned any law enforcement problem. The trial court also set out testimony that, since 1984, appellee Kenneth M. Cox had operated a deli and beer outlet on Highway 67 without criminal incident or disturbance and that the sheriff and state police stopped and checked the store occasionally. Next, bearing on the Board's finding existing permit holders, including Gleason, could not economically survive if the Coxes' application was approved, the trial court pointed out the evidence showing just the opposite. The court in its order set out evidence presented showing that 1,600 people had signed petitions supporting Coxes' application, that Highway 67 had a traffic count of over 2,000 cars per day and that the area would support two liquor outlets. The court also noted the significant absence of any evidence to support the Board's finding that sufficient outlets existed to serve the area or its conclusion that competitors, like Gleason, could not economically survive.

In conclusion, we believe the trial court, in its review, took a critical, detailed and fair look at the Board's findings and conclusions made in the Coxes' and Gleason's applications. As a result, it held correctly that the two Board decisions were inconsistent and the determinations reached in the Coxes' case were not supported by the evidence and therefore arbitrary. Therefore, we uphold the trial court's analysis and affirm its

decision reversing the Board and remanding this case to the Board with directions to grant the Coxes' application.