CITY of HECTOR *v.* ARKANSAS SOIL AND
WATER CONSERVATION COMMISSION

Tri-County Regional Distribution District, et al, *Intervenors*

CA 94-462                                          888 S.W.2d 312

Court of Appeals of Arkansas
Division I
Opinion delivered November 30, 1994

178

*Rush & Cook*, by: *Craig L. Cook*, for appellant.

*Winston Bryant*, Att'y Gen., by: *M. Wade Hodge*, Asst. Att'y Gen., and *A. Mark Bennett, III*, for appellee.

*Timothy W. Murach*, for intervenors.

JAMES R. COOPER, Judge. One of the appellees in this soil and water conservation case, Tri-County Regional Water Distribution District, was certified by the Commission to provide water service to an area which the City of Hector also wanted to serve. The Commission, after two public hearings presided over by an Appeals Committee, accepted the Committee's recommendation to uphold the executive director's denial of the City's application to serve an enlarged area. The circuit court affirmed the Commission. From that decision, comes this appeal.

For reversal, the appellant contends that the Commission erred in limiting the presentation of evidence and conduct of cross-examination by the City and in denying the City an opportunity for a hearing, and that the Commission's findings are not supported by substantial evidence. We find no error, and we affirm.

In cases arising under the Administrative Procedure Act, we reverse only if substantial evidence is lacking, an abuse of discretion has occurred, or if the agency has acted in an arbitrary or capricious manner. *Arkansas ABC Board* v. *King*, 275 Ark. 308, 629 S.W.2d 288 (1982). The rules governing judicial review of administrative decisions are identical for both the circuit and appellate courts, *Fouch* v. *State, ABC Div.*, 10 Ark. App. 139, 662 S.W.2d 181 (1983), and it is the decision of the agency, rather than that of the circuit court, which we review. *See Arkansas Alcoholic Beverage Control Board* v. *Muncrief*, 308 Ark. 373, 825 S.W.2d 816 (1992).

We first address the appellant's argument that the Commission erred in limiting the City's presentation of evidence and conduct of cross-examination. As the appellant correctly notes, Ark. Code Ann. § 25-15-213(5) (Repl. 1992) provides that parties to an agency hearing have the right to conduct such cross-examination as may be required for a full and true disclosure of the facts. However, the record before us indicates that two pub-

lic hearings were had regarding the appellant's application prior to the proceeding before the Commission's appeals committee. Furthermore, we are unable to determine from the record before us what evidence the appellant sought to disclose by introduction or cross-examination, and no proffer or offer of proof appears in the record before us. Nor is there any indication that the appellant made application to the circuit court for leave to present additional evidence pursuant to Ark. Code Ann. § 25-15-212(f) (Repl. 1992). In the absence of any proffer or statutory showing that the additional evidence the appellant desired would have been material, we find no error on this point. *See Woolsey* v. *Arkansas Real Estate Commission,* 263 Ark. 348, 565 S.W.2d 22 (1978); *Ray* v. *Georgia-Pacific Corp.,* 1 Ark. App. 196, 614 S.W.2d 676 (1981).

The appellant next contends that the Commission erred in denying it an opportunity to conduct a hearing. In support of this point, the appellant argues that "the Commission had already made its findings," and that it was "fruitless for the City to proceed because it was evident that the decision had already been made." Arkansas Code Annotated § 25-15-213(2)(c) (Repl. 1992) permits any party to an adjudication to file an affidavit of personal bias or disqualification to the agency which will be granted if it is timely, sufficient, and filed in good faith. However, although the appellant's argument is premised on an allegation that the Commission was biased against it, there is no indication in the record before us that the statutorily-required affidavit was filed with or considered by the Commission in the case at bar. It is essential to judicial review under the Arkansas Administrative Procedure Act that issues be raised before the administrative agency in order to be addressed by the appellate court, and, in the absence of such a filing or a ruling thereon, we cannot say that the Commission was biased against the appellant to such an extent as to effectively deny it an opportunity to conduct a hearing. *See Wright* v. *Arkansas State Plant Board,* 311 Ark. 125, 842 S.W.2d 42 (1992).

Finally, the appellant contends that the Commission's findings are not supported by substantial evidence. In support of this contention, the appellant notes that a draft narrative prepared by the Commission's engineer contains erroneous calculations concerning the costs and revenues expected from the appellant's

proposal. Although the engineer's draft does appear to contain an erroneous calculation, we find no indication in the record before us that the Commission relied on this specific calculation in arriving at its decision. In order to establish an absence of substantial evidence, the appellant is required to demonstrate that the proof before the administrative tribunal was so nearly undisputed that fair-minded men could not reach the conclusion it arrived at; the question is not whether the testimony would have supported a contrary finding, but whether it supported the finding that was actually made. *Williams* v. *Scott*, 278 Ark. 453, 647 S.W.2d 115 (1983). In the case at bar, there was evidence to show that the City had not done an adequate job in providing water to the limited area it already served, and that it would have difficulty meeting environmental and health-related standards. Given this evidence, we cannot say that the Commission erred in denying the City's application to provide water service to an enlarged area, and we affirm.

Affirmed.

PITTMAN and ROBBINS, JJ., agree.