Barbara S. MORSE *v.* SENTRY LIFE INSURANCE CO.,
Sentry Insurance of Alma, and Wilroy Lewis

97-831                                    967 S.W.2d 557

Supreme Court of Arkansas
Opinion delivered April 16, 1998

*Phyllis Ann Atha,* for appellant.

*Bethell, Callaway, Robertson, Beasley & Cowan,* for appellees.

RAY THORNTON, Justice. This case presents the question whether appellee Sentry Life Insurance Company (Sentry) was obligated to pay appellant Barbara Morse the proceeds of her late husband's life insurance policy. Wilroy Lewis, an agent for Sentry and a family friend of the Morses, approached Gary and Barbara Morse in 1993 about obtaining their insurance business. The Morses opted to transfer their home, automobile, business, and life insurance to Sentry. On December 21, 1993, Sentry issued a $60,000 life insurance policy to Gary Morse, naming Barbara Morse as the primary beneficiary. Mr. Morse transferred the cash value of two policies, a $40,000 Southern Farm Bureau Life Insurance policy and a $10,000 Central States Health and Life Insurance policy, to the Sentry insurance policy.

On May 9, 1995, Gary Morse committed suicide. Under the Sentry policy, if an insured commits suicide within two years from the policy date, Sentry's liability is limited to the premiums paid prior to the insured's death. Sentry refused to pay the proceeds of the policy to Mrs. Morse, citing the policy's suicide-exclusion provision; however, Sentry did refund to Mrs. Morse premiums paid on the policy in the amount of $11,644.97.

Mrs. Morse filed suit against Sentry, Sentry Life Insurance Company of Alma, and Wilroy Lewis. In her complaint, Mrs. Morse claimed that Sentry, through its agent, Mr. Lewis, misrepresented the benefits, advantages, conditions, and terms of the insurance policy that the Morses purchased. She alleged that Mr. Lewis led them to believe that the Sentry policy would be "a continuation of coverage" when they purchased the life insurance policy. Mrs. Morse claimed that these misrepresentations misled the Morses about the consequences of transferring their existing policy from Farm Bureau to Sentry.

Sentry filed two motions for summary judgment. The second motion included the deposition of Randy Bradley, a Farm Bureau agent, who testified that the Morses had been apprised of the adverse consequences of transferring a life insurance policy ten years earlier. The circuit court granted Sentry's second motion for summary judgment, and this appeal followed.

Mrs. Morse raises two issues for reversal. She asserts that the trial court erred in granting summary judgment because Mr. Lewis misrepresented the terms of the life insurance policy and because genuine issues of material fact existed, making summary judgment inappropriate. We are unable to reach either of these arguments because Mrs. Morse has failed to provide us with an abstract of the orders and documents essential to our understanding of the issues.

■ Our review of a case on appeal is limited to the record as abstracted in the briefs. *Hooker v. Farm Plan Corporation*, 331 Ark. 418, 419, 962 S.W.2d 353 (1998). The Arkansas Supreme Court Rules require that an abstract should contain "material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to the Court for decision." Ark. Sup. Ct. R. 4-2(a)(5) (1997). If an abstract fails to aid us in gaining an understanding of the issues on appeal, this court may affirm for noncompliance with the rule. Ark. Sup. Ct. R. 4-2(b)(2); *see also Hooker*, 331 Ark. at 419, 962 S.W.2d at 353. The judgment from which the appeal is raised, including relevant factual findings, is an essential part of the abstract. *National Enterprises., Inc. v. REA*, 329 Ark. 332, 947 S.W.2d 378 (1997). Failure to abstract a critical document precludes this court from considering any issues concerning it. *Id.*

Mrs. Morse has condensed a 160-page record into a four-page abstract. We note that the Sentry life insurance policy or policy application, upon which this case is based, is not abstracted. Only a small portion of the text of the insurance contract appears in the abstract of appellees' answer to Mrs. Morse's complaint. Also, the trial court set forth detailed findings of fact and conclusions of law in a seven-page order that Mrs. Morse condenses to less than one-half of a page, which fails to include any findings of fact.

■ From the abstract before the court, we cannot determine whether any genuine issues of material fact remained regarding the elements of misrepresentation, such as whether the Morses justifiably relied on Mr. Lewis's misrepresentations. Furthermore, we are left resorting to conjecture with respect to the trial court's specific factual findings. Specifically, in her briefs, Mrs. Morse

refers us to the record regarding matters both in the trial court's findings of fact and conclusions of law and in her affidavit that are not abstracted. Without an abstract of such pleadings and documents, we are unable to conduct a meaningful review of Mrs. Morse's assignments of error.

Because Mrs. Morse submitted a flagrantly deficient abstract, we affirm the circuit court's order granting summary judgment.