Charlsie Johnson LUTTRELL
and Lois Pruitt *v.* CITY of CONWAY
and Arkansas State Highway Commission

99-644                                                   5 S.W.3d 464

Supreme Court of Arkansas
Opinion delivered December 9, 1999

*Phil Stratton*, for appellants.

*Michael L. Murphy*, for appellee City of Conway.

DONALD L. CORBIN, Justice. Appellants Charlsie Johnson Luttrell and Lois Pruitt appeal the order of the Faulkner County Chancery Court granting summary judgment to Appellee City of Conway. This appeal raises an issue of first impression involving the right of a municipality to maintain and improve property condemned for use by the Arkansas State Highway Com-

mission. Hence, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(1). We affirm.

At the heart of this dispute is the chancellor's interpretation of the Commission's Minute Order No. 97-134. Appellants own lands abutting a section of public roadway formerly designated as State Highway 60. The lands in question were condemned in 1934 for use by the Commission. Appellants argue that the minute order was an improper attempt by the Commission to transfer its interest in the condemned property to the City. They contend that the minute order demonstrates that the Commission abandoned the property as surplus under Ark. Code Ann. § 27-67-321 (Repl. 1994). As such, they contend that the Commission was required to notify them that they had the option of reacquiring the property, pursuant to Ark. Code Ann. § 27-67-322 (Repl. 1994). We do not reach the merits of these arguments, as Appellants have failed to properly abstract the Commission's minute order.

Our review of a case on appeal is limited to the record as abstracted in the briefs. *Morse v. Sentry Life Ins. Co.*, 332 Ark. 605, 967 S.W.2d 557 (1998). Rule 4-2(a)(6) of the Arkansas Supreme Court Rules requires that an abstract contain "such material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to the Court for decision." Failure to abstract a critical document precludes us from considering any issues concerning it. *Id.*; *National Enters., Inc. v. Rea*, 329 Ark. 332, 947 S.W.2d 378 (1997). Similarly, when those exhibits necessary for a clear understanding of the issues are not included in the abstract, we will summarily affirm the decision of the trial court. *Id.* This court has stated on occasions too numerous to count that it is impractical to require all seven justices to examine one transcript in order to decide an issue. *Id.*; *Finnegan v. Johnson*, 326 Ark. 586, 932 S.W.2d 344 (1996).

Here, Appellants have condensed a 219-page record into a seven-page abstract. The Commission's minute order is abstracted as follows:

> 1. The existing route of State Highway 60, Section 0, from U.S. 65 Business Route, westward to the junction of State Highway 286 to become the responsibility of local jurisdiction.

The only other information we are given pertaining to this document is that it included a sketch showing changes to the state highway system in the vicinity of Conway.

Because we are asked to interpret the language used in the Commission's minute order, and because our review is *de novo*, it is critical that we be furnished with the complete order. *See Cleveland v. Estate of Stark*, 324 Ark. 461, 923 S.W.2d 857 (1996) (holding that the abstract was deficient because it failed to furnish the document in question, a will, in its entirety). *See also Morse*, 332 Ark. 605, 967 S.W.2d 557 (holding that the four-page abstract was deficient, in part, because it included only a small portion of the text of the insurance contract, upon which the appeal was based). Without the benefit of knowing the full content and context of this critical document, we cannot determine whether the chancellor's interpretation is clearly erroneous.

Perhaps even more troublesome is the absence of the 1934 order of the Faulkner County Court condemning the property for use by the Commission. Appellants have contended in the argument portion of their brief that the 1934 order only granted to the Commission a permanent easement for public road purposes, rather than title to the land in fee simple as provided by Act 491 of 1953. *See* Ark. Code Ann. § 27-67-301(b) (Repl. 1994). The abstract, however, reflects only that the 1934 order "grant[ed] the petition of the Arkansas State Highway Commission condemning 40 feet on either side of a survey centerline which transverses lands which belonged to Plaintiffs' predecessors in title located in Section 9, 5 North, 14 West." From this condensed version of the order, it is not apparent what title the Commission obtained in the property. Moreover, because the abstract does not contain the petition for condemnation, we cannot tell what particular use of the land was requested by the Commission. Therefore, the information that the 1934 order "grant[ed] the petition" reveals nothing on the issue of title. Accordingly, we are unable to determine what interest the Commission held in the property and, correspondingly, what interest may have been transferred or conveyed to the City by the Commission's minute order.

In sum, it is Appellants' burden to abstract the record to demonstrate error, and we will not go to the record to determine whether reversible error occurred. *McPeek v. White River Lodge*

*Enters.*, 325 Ark. 68, 924 S.W.2d 456 (1996). Because Appellants have failed to meet their burden, we have no choice but to affirm the chancellor's ruling. *See Warnock v. Warnock*, 336 Ark. 506, 988 S.W.2d 7 (1999).

GLAZE, J., would dismiss the appeal.