Joseph HASHAGEN *v.* Tracy Hashagen LORD

99-974                                                      14 S.W.3d 498

Supreme Court of Arkansas
Opinion delivered April 13, 2000

*Les Ablondi*, Special Chancellor;

*King Law Firm, P.A.*, by: *Brendan M. Donahue*, for appellant.

*Hilburn, Calhoon, Harper, Pruniski & Calhoun, Ltd.*, by: *Sam Hilburn* and *Traci Lacerra*, for appellee.

L AVENSKI R. SMITH, Justice. Appellant Joseph Hashagen ("Joseph") appeals an alimony modification order of the Pulaski County Chancery Court. Appellee Tracy Hashagen Lord petitioned to have alimony resumed after appellant obtained a bankruptcy discharge of his allocated portion of marital indebtedness. This resulted in the creditors pursuing Appellee Tracy Hashagen Lord for payment of those discharged debts. The trial court granted the petition, and reinstated alimony, finding that the bankruptcy

discharge constituted changed circumstances warranting modification. Appellant contends that the trial court lacked jurisdiction to make the modification because the order was issued more than sixty days after the filing of the decree contrary to Ark. R. Civ. P. 60(b), and because appellee's entitlement to alimony ended with her remarriage. We affirm the trial court.

*Facts*

The Hashagens were married on June 16, 1987. In 1988, their son Zachery was born. On March 30, 1998, the Hashagens separated, and on May 1, 1998, Tracy Hashagen filed a complaint for divorce. Joseph Hashagen filed an answer and counterclaim for divorce. Agreement was reached on a number of items, including custody and visitation. On August 7, 1998, a final hearing was held in chancery, wherein Tracy was awarded alimony of $200.00 per month for thirty-six months, terminable upon remarriage. Tracy remarried twenty-two days later on August 29, 1998, terminating her right to alimony under the terms of the decree.

In the same decree, a division of debts was made, whereby Joseph assumed the obligation to repay a specified two-thirds of the debt, and Tracy the remaining debt. However, rather than pay the debts as ordered, Joseph filed Chapter 7 bankruptcy in the summer of 1998. Not surprisingly, after his debts were discharged, the creditors came to Tracy and demanded she pay the debts Joseph had discharged. Tracy was unable to secure any loans to meet the debt, and therefore made arrangements with a credit management company whereby she would pay off the debts over a sixty-three-month period.

On January 27, 1999, Tracy filed a Motion for Modification of Alimony and Child Support, asserting that Joseph had failed to pay his portion of the debts as ordered, and alleging that her struggles to pay Joseph's debts constituted changed circumstances and resulted in financial problems and difficulty in supporting herself and their son. A number of pleadings followed, clarifying that Tracy had remarried.

On August 8, 1999, a hearing was held to consider the motion. The court found the bankruptcy discharge constituted a change in circumstances, and considered the debt as then being paid

through the credit management company. Tracy was paying $292.00 per month. The court ordered Joseph to pay alimony of $195.00 per month for sixty-three months, the period required to pay off his discharged debts.

Joseph appeals, alleging that the trial court had lost jurisdiction to modify the alimony decree because more than ninety days had passed since the decree was entered, and because the right to alimony terminates upon remarriage under the statutes.

## Jurisdiction

We certified this case from the court of appeals based upon Arkansas Supreme Court Rule 1-2(b) as a case involving statutory interpretation, an issue of first impression, or matter of public interest and a significant issue needing clarification or development of the law. The issues it presents are indeed issues worthy of this court's attention. However, we are unable to reach the merits of the case as the appellant's abstract is wholly inadequate to permit this court's review. Rule 4-2(a)(6) of the Arkansas Supreme Court Rules requires that an abstract contain "such material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to the Court for decision." The appellant's abstract is comprised of very limited testimony from the hearing on August 7, 1998, and the hearing on August 8, 1999. It reduces a 189-page transcript to just under three pages. Nor does the appellant abstract the original decree. The appellant also failed to abstract the motion for modification of alimony and support which gave rise to the order that is the subject of this appeal.

As we recently stated in *Luttrell v. City Of Conway*, 339 Ark. 408, 409, 5 S.W.3d 464 (1999):

Our review of a case on appeal is limited to the record as abstracted in the briefs. *Morse v. Sentry Life Ins. Co.*, 332 Ark. 605, 967 S.W.2d 557 (1998). Rule 4-2(a)(6) of the Arkansas Supreme Court Rules requires that an abstract contain "such material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to the Court for decision." Failure to abstract a critical document precludes us from considering any issues concerning it.

*Id.*; *National Enters., Inc. v. Rea,* 329 Ark. 332, 947 S.W.2d 378 (1997). Similarly, when those exhibits necessary for a clear understanding of the issues are not included in the abstract, we will summarily affirm the decision of the trial court. *Id.* This court has stated on occasions too numerous to count that it is impractical to require all seven justices to examine one transcript in order to decide an issue. *Id.*; *Finnegan v. Johnson,* 326 Ark. 586, 932 S.W.2d 344 (1996).

Applying Rule 4-2(a)(6) to the instant appeal, we summarily affirm.

Affirmed.