CITY of BENTON and Saline County, Arkansas *v.* ARKANSAS SOIL and WATER CONSERVATION COMMISSION

01-60 45 S.W.3d 805

Supreme Court of Arkansas
Opinion delivered June 14, 2001

*Zachary David Wilson P.A.*, by: *Zachary David Wilson* and *Brian C. Donahue*, for appellants.

*Quattlebaum, Grooms, Tull & Burrow PLLC*, by: *J. Leon Holmes*, for appellee Arkansas Soil and Water Conservation Commission.

*Wright, Lindsey & Jennings LLP*, by: *Gregory T. Jones*, for appellees Salem Water Users Association, Southwest Water Users Association, and Town of Tull, Arkansas.

*Glover Law Firm*, by: *David M. Glover*, for appellee City of Malvern, Arkansas.

ANNABELLE CLINTON IMBER, Justice. In January 1999, the City of Malvern submitted an application to the Arkansas Soil and Water Conservation Commission ("Commission") seeking a determination of compliance with the Arkansas Water Plan. The water development project for which the City sought approval (hereinafter "Malvern Project") was developed through the joint efforts of the City of Malvern, the Salem Water Users Association, the Southwest Water Users Association, and the Town of Tull.[1] Through the Malvern Project, these entities proposed to construct water treatment facilities and pipelines carrying water from the Ouachita River to the City of Malvern and to rural areas of Saline, Grant, and Garland Counties. The City of Benton and Saline County officials objected to the inclusion of rural Saline County in the areas to be serviced by the Malvern Project.

Before approving the Malvern Project, the Commission conducted three public hearings. First, on March 25, 1999, the Commission conducted a hearing at its headquarters in Little Rock. Following this hearing, the Commission's staff issued its report to the Commission's Executive Director, J. Randy Young, on July 12, 1999, recommending approval of the Malvern Project. Executive Director Young did not approve the project immediately, but opted instead to call two additional public meetings. On July 28, 1999, the Commission held a public hearing in Benton at which the Mayor of Benton and other representatives of Saline County and the City of Benton were present. The following day, a hearing was conducted in Malvern. Notice of these hearings was published in the Benton Courier and the Malvern Daily Record on July 16, 1999.

On August 6, 1999, the Commission's Executive Director entered a Final Determination of Arkansas Water Plan Compliance, finding that the Malvern Project complied with the Arkansas Water Plan. The City of Benton and Saline County appealed that determination by the Executive Director to the full Commission. After a hearing before the full Commission on October 28, 1999, the Commission upheld and adopted the Executive Director's Final Determination. The City of Benton and Saline County then

---

[1] The Malvern Project originated as two separate projects — one being developed by Malvern, and the other by Salem, Southwest, and Tull. When the Commission's Executive Director, J. Randy Young, learned of the two projects that were being developed separately and would be largely duplicative, he directed his staff to work with the parties involved to consolidate the two plans. This was done, resulting in the Malvern Project that is before this court.

appealed that decision to the Pulaski County Circuit Court. The Commission's Final Determination was affirmed by the circuit court on October 3, 2000. The City of Benton and Saline County, appellants herein, now seek review of the Commission's Final Determination in this court. They contend that the Final Determination is flawed as a result of several procedural irregularities that violated the Administrative Procedure Act and deprived them of constitutionally afforded due process. They further allege that the performance of administrative, regulatory, and adjudicative duties by the Executive Director and his staff created "bias and or at least an appearance of bias," and that the Executive Director accepted and relied upon improper *ex parte* communications in making his final determination. Other points of error raised by the appellants include assertions that (1) the Commission failed to determine the status of the Salem Water Users Association, the Southwest Water Users Association, and the Quad County Facilities Board for the Town of Tull; (2) the Commission failed to refer environmental questions to the Arkansas Department of Environmental Quality and the Arkansas Pollution Control and Ecology Commission; and, (3) the Executive Director has an inherent conflict of interest due to his position on the Arkansas Pollution Control and Ecology Commission. Finally, appellants argue that the Pulaski County Circuit Court erred by denying their motion to enforce an agreed stay order entered by the court on April 3, 2000.

## I. Standard of Review

It is not the role of the circuit courts or the appellate courts to conduct a *de novo* review of the record when reviewing an agency's decision pursuant to the Administrative Procedure Act. *Arkansas Dep't of Human Servs. v. Thompson*, 331 Ark. 181, 187, 959 S.W.2d 46 (1998). We review the case only to ascertain whether there is substantial evidence to support the agency's decision[2] or whether the decision runs afoul of one of the other criteria set out in Ark. Code Ann. § 25-15-212(h) (Repl. 1999). *Id.*

Where the agency's failure to follow its own procedural rules is urged on appeal, the applicable question on review is "whether the Commission's decision is based upon unlawful procedure." *Stueart v. Arkansas State Police Comm'n*, 329 Ark. 46, 50-51,

---

[2] Appellants do not challenge the sufficiency of the evidence to support the Commission's Final Determination.

945 S.W.2d 377 (1997) (citing *Regional Health Care Facilities, Inc. v. Rose Care, Inc.*, 322 Ark. 767, 912 S.W.2d 409 (1995)). "It has become axiomatic that an agency is bound by its own regulations." *Id.* (quoting *Panhandle Eastern Pipeline Co. v. F.E.R.C.*, 613 F.2d 1120 (D.C. Cir. 1979)). Thus, the decision of an administrative agency may be reversed if the substantial rights of the petitioner have been prejudiced because the administrative findings from which appeal is taken were made upon unlawful procedure. *Id.*

## II. Violations of Due Process and the Administrative Procedure Act

Appellants assert several procedural violations that allegedly occurred during the hearings below and caused the loss of their substantial rights. First, appellants argue that the Commission failed to conduct a full and fair hearing regarding the Malvern Project. According to appellants, the hearings conducted were inadequate in four aspects: (1) the hearings were conducted in a quasi-legislative manner rather than a quasi-judicial manner; (2) notice was inadequate; (3) the Executive Director had already made his decision before the July hearings; and (4) the Executive Director inappropriately received and relied upon *ex parte* communications.

### A. Quasi-Judicial Review

The proceedings below arose out of an application by the City of Malvern for a determination that its water development project complied with the Arkansas Water Plan.

> No political subdivision or agency of the state shall spend any state funds on or engage in any water development project . . . until a preliminary survey and report therefor which sets forth the purpose of the project, the benefits to be expected, the general nature of the works of improvement, the necessity, feasibility, and the estimated cost thereof is filed with the commission and is approved by the commission to be in compliance with the plan.

Ark. Code Ann. § 15-22-504(e) (Repl. 2000). "The approval or disapproval of the application shall constitute an adjudication under the Arkansas Administrative Procedures Act. All action taken and all hearings conducted on the question of approval of the application shall be in compliance with the Arkansas Administrative Procedures Act." S.W.C.C. Rule 604.1.

In every case of adjudication under the Administrative Procedure Act, parties must be afforded an opportunity for a hearing after reasonable notice and must be given the opportunity to respond and present evidence on all issues involved in the adjudication. Ark. Code Ann. § 25-15-208 (Repl. 1996). Parties have the right to conduct cross-examination, or file an affidavit of personal bias or disqualification of an allegedly biased presiding officer. Ark. Code Ann. § 25-15-213 (Repl. 1996). Finally, the notice of hearing published by the Executive Director must include notice to all interested persons of the right to present evidence and argument at an adjudicatory hearing. S.W.C.C. Rule 604.4.H.

As the above statutory and regulatory provisions suggest, appellants correctly assert that the proceedings below were an adjudication process and not a rule-making process. Yet, appellants have failed to demonstrate that any lack of judicial formality in the proceedings below prejudiced their substantial rights. The notice of hearing published by the Executive Director in the *Benton Courier* on July 16, 1999, contained the requisite notification of the right to attend with counsel and to present evidence and argument. Yet, the record reflects no attempt by appellants to assert those rights. The Commission's rules require that all evidentiary issues be raised before the Executive Director at the hearing stage, as the Commission's review is limited to the record before the Executive Director. S.W.C.C. Rule 105.4. At no time during the hearings in this matter did appellants seek to present sworn testimony or formally proffer evidence. To the contrary, the record reflects that appellants' representatives participated in the July 28 hearing without objection. Mayor Moore commented extensively about the City of Benton's position toward the Malvern Project and submitted an alternate proposal to the Executive Director "for [his] information." While the appellants' participation in the hearings is amply documented, nowhere does the record reflect that appellants objected to the manner in which the proceedings were being conducted.

Because appellants did not ask to introduce evidence or sworn testimony, they cannot demonstrate that they were deprived of a fair hearing by not being allowed to introduce evidence or sworn testimony. *See Jones v. Reed*, 267 Ark. 237, 242, 590 S.W.2d 6 (1979) (holding that, where substance of evidence appellants sought to introduce was submitted into record by stipulation, there was no prejudice resulting from administrators refusal to permit sworn testimony). Thus, appellants cannot demonstrate prejudice in the conduct of the hearings. *Id.*

■ Appellants argue on appeal, however, that they preserved the request for a more formal quasi-judicial hearing during review before the full Commission. The record as abstracted does not support appellants' argument. Even if we were to assume that Ark. Code Ann. § 25-15-213 (Repl. 1996) grants an aggrieved person the right to introduce additional evidence and sworn testimony before the full Commission when seeking review of a referee's decision, we are unable to determine from the abstract whether the appellants sought to assert that right. We are presented with a record much like that at issue in *City of Hector v. Arkansas Soil & Water Conserv. Comm'n*, 47 Ark. App. 177, 179-80, 888 S.W.2d 312 (1994). In that case, the court of appeals stated, with reference to appellant's claim that the Commission improperly limited the evidence presented, that "the record before us indicates that two public hearings were had regarding the . . . application prior to the proceeding before the Commission's appeals committee. Furthermore, we are unable to determine from the record before us what evidence the appellant sought to disclose by introduction or cross-examination . . . ." *Id.* The same can be said here.

■ Two public hearings were had prior to appellants' request for review by the full Commission. Appellants sought to introduce no evidence at those hearings, but assert that they were prevented from doing so not only during those hearings, but also upon review before the full Commission. Counsel for appellants did make reference during argument before the Commission to a motion to supplement the record on review. However, there is no such motion before this court; nor can we determine from the abstract whether the Commission ever ruled upon the motion. Likewise, we are unable to discern from the abstract what evidence, if any, was proffered to the Commission pursuant to said motion. Our review of a case on appeal is limited to the record as abstracted in the briefs. *Hashagen v. Lord*, 341 Ark. 83, 14 S.W.3d 498 (2000); *Luttrell v. City Of Conway*, 339 Ark. 408, 409, 5 S.W.3d 464 (1999); *Morse v. Sentry Life Ins. Co.*, 332 Ark. 605, 967 S.W.2d 557 (1998). Thus, as in *City of Hector v. Arkansas Soil & Water Conserv. Comm'n*, *supra*, we cannot reach the issue.

■ We note that appellants did not ask the Commission to conduct a formal quasi-judicial hearing on review of the Executive Director's Final Determination. Rather, the appellants asked the Commission to reverse the agency's adjudicatory process and allow the taking of additional evidence at a new set of hearings before a new referee. Appellant has, therefore, failed to demonstrate that the

informal nature of the hearings that were conducted violated their substantial rights.

## B. Notice

The second procedural irregularity asserted by appellants is the lack of adequate notice of the hearings before the Executive Director. Appellants fail to demonstrate any inadequacy in the notice of the proceedings in this matter. The Administrative Procedure Act requires that all parties must be given reasonable notice of hearings in cases of administrative adjudication. Ark. Code Ann. § 25-15-208(a)(1)–(2) (Repl. 1996). In the case of a water-plan compliance hearing, the Commission has determined that the Executive Director must give ten days' notice to the applicant and any other party who has requested notice and must publish notice of the hearing in a newspaper as required by Ark. Code Ann. § 15-22-206. S.W.C.C. Rule 604.3. Arkansas Code Annotated section 15-22-206(a)(1)(D) (Repl. 2000) sets out the following guidelines for newspaper publication of notice:

> If the purpose of the meeting is with respect to waters in more than one (1) county, the meeting shall be held in one (1) of those counties and notice shall be published in one (1) or more newspapers which together have general circulation in all of the counties involved.

Appellants argue that they were given inadequate notice of the March 25, 1999 hearing that took place in Little Rock, because it was not published in a newspaper with general circulation in Saline County and the notice that was published in Hot Spring County failed to mention all of the counties that would be affected by the water proposal to be discussed. We hold that appellants were not prejudiced by the inadequate notice of the March 25, 1999 hearing because they were not deprived of their opportunity for a hearing. The commission conducted two additional hearings, and appellants received notice of both hearings. Most notably, notice of the hearing conducted on July 28, 1999, was published in the *Benton Courier* on July 16, 1999, twelve days prior to the hearing. The statutes cited above require only that the Commission provide reasonable notice of hearings. The Commission's own rules require that notice be published at least ten days prior to the hearing. The Executive Director complied with this rule, and notice was published twelve days prior to the hearing. Consequently, we conclude that their lack-of-adequate-notice argument is without merit.

## C. Timing of Director's Decision

■■ Appellants next argue that the proceedings were flawed because the Executive Director had already reached a decision long before the July 28 hearing or the publication of notice on July 16. We do not reach this argument as it was not raised below. It is well settled that an appellant may not change the grounds for objection on appeal but is limited by the scope and nature of his objections and arguments presented at trial. *Ayers v. State*, 334 Ark. 258, 264, 975 S.W.2d 88, 91 (1998). "It is essential to judicial review under the Arkansas Administrative Procedure Act that issues must be raised before the administrative agency appealed from or they will not be addressed by this court." *Wright v. Arkansas State Plant Bd.*, 311 Ark. 125, 132, 842 S.W.2d 42 (1992).

■ Although appellants argued before the Commission that the staff had already issued its recommendation of approval before notice of the July 28 hearing issued, at no point did appellants assert that the Executive Director had already reached a final determination prior to the hearing. According to Commission Rule 604.7, it is the Executive Director who approves or disapproves an application for a water-plan compliance determination, not the staff.[3] Because this argument was not presented to the Commission, we will not address it on appeal. *Wright v. Arkansas State Plant Bd.*, supra.

## D. Ex Parte *Communications*

Lastly, appellants assert that the proceedings below were procedurally flawed because the Executive Director accepted and relied upon *ex parte* communications in rendering his decision. Arkansas Code Annotated section 25-15-209(a) (Repl. 1996) states:

> Unless required for the disposition of ex parte matters authorized by law, members or employees of an agency assigned to render a

---

[3] We note that the rules of the Commission contemplate that the staff will always recommend approval or disapproval of an application before notice of the hearing is issued. According to Rule 604.4, the notice of hearing must contain "[t]he Commission staff's recommendation and reasons therefor." The argument that the staff has already reached a decision as to the merits of the application is, therefore, not synonymous with the argument that the Executive Director has already decided whether to approve the application.

> decision or to make final or proposed findings of fact or conclusions of law in any case of adjudication shall not communicate, directly or indirectly, in connection with any issue of fact with any person or party, nor in connection with any issue of law, with any party or his representative, *except upon notice and opportunity for all parties to participate.*

(Emphasis added.) Appellants argue that the Executive Director improperly accepted and relied upon unsworn statements made by engineers and witnesses at the hearings and upon letters and calls received by the Executive Director outside of the hearings.

First, appellants suggest that the unsworn statements given by engineers and officials at the public hearings were improper *ex parte* communications. However, as noted, Ark. Code Ann. § 25-15-209(a) prohibits *ex parte* communications *except upon notice and opportunity for all parties to participate.* The statements of which appellants complain were made at public hearings for which they received notice and in which they actually participated. Similarly, the multiple letters addressed to the Executive Director expressing support for the Malvern Project were read into the record at the public hearings, ensuring that all interested parties were aware of the letters and had opportunity to respond.

Next, appellants claim that the Executive Director improperly received *ex parte* communications regarding the Malvern Project in the form of third-party letters and telephone calls that were received by him outside of the hearings.[4] We are unable to determine whether the alleged third-party communications warrant reversal of the Commission's decision because the content of these communications was never proffered or abstracted for our review.

"[I]n cases of alleged irregularities in procedure before the agency not shown in the record, testimony may be taken before the [circuit] court. The court shall, upon request, hear oral argument and receive written briefs." Ark. Code Ann. § 25-15-212(g) (Repl. 1999). Appellants had the opportunity before the circuit court to develop a record with evidence of the content of any alleged third-party communications received by Executive Director Young. *See Arkansas Alcohol Bev. Control Div. v. Cox,* 306 Ark. 82, 811 S.W.2d

---

[4] Executive Director Young stated at the July 28, 1999 hearing that the phone at his office "started ringing, starting with your [Saline County's] State Representative Kidd," following a newspaper account of a July 2, 1999 meeting of the Quad County Facilities Board of the Town of Tull.

305 (1991). They failed to do so. It is the appellant's burden to bring up a record sufficient to demonstrate error. *Hankins v. Department of Fin. & Admin.*, 330 Ark. 492, 954 S.W.2d 259 (1997). Failure to do so precludes our review. *Id.; Blunt v. Cartwright*, 342 Ark. 662, 30 S.W.3d 737 (2000). Similarly, if a record of the communications at issue was made, it was not abstracted — a deficiency that likewise prevents review. *See Woolsey v. Arkansas Real Estate Comm'n*, 263 Ark. 348, 565 S.W.2d 22 (1978). For these reasons, we hold that appellants have failed to demonstrate that their substantial rights have been denied as a result of procedural error below.

■ We are unable to address appellants' arguments to the extent they assert that the procedural irregularities discussed previously resulted in a deprivation of due process or that the Commission failed to adopt appropriate and reasonable procedures for adjudication. Appellants did not present these arguments to the Commission; thus, we are precluded from addressing them on appeal. *See Wright v. Arkansas State Plant Bd., supra.*

### III. Appearance of Bias

For their second point on appeal, appellants contend that the performance of administrative, regulatory, and adjudicative duties by the Commission's Executive Director and staff creates "bias and or at least the appearance of bias." Appellants point to the statements of Mr. Young that he instructed his staff to get the City of Malvern, the Salem and Southwest Water Users Associations, and the Town of Tull to work cooperatively together and come forward with one project "that essentially doubled the capacity of what each one of them had proposed separately." According to appellants, these duties and responsibilities of the director and staff are inconsistent with the director's duty to be a fair adjudicator when issuing a final determination of water plan compliance, thereby creating at least an appearance of bias.

■ Any party who believes a presiding officer is biased or partial "may file an affidavit of personal bias or disqualification" before the Commission and the Commission is required to rule upon the affidavit if it is "timely, sufficient, and filed in good faith." Ark. Code Ann. § 25-15-213(2)(C) (Repl. 1996). Appellants filed no such affidavit of personal bias or disqualification in this matter. In the absence of a filed affidavit or a ruling thereon, we cannot reach the issue of whether the Commission was biased against the

appellants to such an extent as to effectively deny them a fair opportunity to be heard. *See City of Hector v. Arkansas Soil & Water Conserv. Comm'n*, 47 Ark. App. at 180, 888 S.W.2d at 313.

## IV. Other Grounds

We do not address appellants' remaining grounds for reversal of the Commission's Final Determination because they have not been properly developed or preserved. First, appellants argue that the Commission was required to determine the status of the Southwest and Salem Water Users Associations and whether those entities are entitled to receive funding from the State of Arkansas as participants in the Malvern Project.[5] Specifically, appellants contend that Article 16, section 13, of the Arkansas Constitution and Ark. Code Ann. §§ 15-22-505(5), -506(a) (Repl. 2000), prohibit the disbursement of public funds to private entities, such as the Southwest and Salem Water Users Associations. Appellants also suggest that the Quad County Facilities Board for the Town of Tull "may be a sham entity intended to facilitate the transfer of public funds" to the Salem and Southwest Water Users Associations. We do not reach the merits of this argument as the abstract does not reflect that the argument was ever made before the Commission. Issues not raised to the Commission will not be addressed on appeal. *Wright v. Arkansas State Plant Bd., supra.* Furthermore, those issues that were raised before the Commission but were not properly abstracted will likewise not be addressed on appeal. *Woolsey v. Arkansas Real Estate Comm'n, supra.*

Another point of appeal raised by the appellants is their claim that the Commission exceeded its authority by failing to refer questions pertaining to the environmental impact of the Malvern Project to the Arkansas Department of Environmental Quality and the Arkansas Pollution Control and Ecology Commission. We decline to address the merits of this claim because appellants made only a bare reference to this issue in their brief before the Commission. No attempt was made to flesh out the argument or properly develop it for review. We will not address an issue that has not been properly developed before the Commission. *AT&T Communications*

---

[5] The Saline County Quorum Court passed ordinances in 1998 to establish public facilities boards to assist in providing water to customers formerly served by the Southwest and Salem Water Users Associations. The Saline County Quorum Court subsequently abolished those boards on August 17, 1999.

*of the S. W. v. Arkansas Public Serv. Comm'n,* 344 Ark. 188, 40 S.W.3d 273 (2001).

 Furthermore, appellants' brief on appeal alleges in a conclusory manner that the Commission should have referred environmental issues to the other two agencies for determination, without citation to any authority or development of the argument. This court does not consider arguments that are unsupported by convincing argument or sufficient citation to legal authority. *Arkansas Public Defender Comm'n v. Greene County Cir. Court,* 343 Ark. 49, 32 S.W.3d 470 (2000); *Judicial Discipline & Disab. Comm'n v. Thompson,* 341 Ark. 253, 16 S.W.3d 212 (2000). For these same reasons, we are precluded from addressing appellants' argument that the Commission's Executive Director was laboring under a conflict of interest due to his membership on the Arkansas Pollution Control and Ecology Commission.

 Finally, we cannot address appellants' argument that the Pulaski County Circuit Court erred in denying their September 13, 2000 motion and September 18, 2000 amended motion to enforce an agreed stay order entered by the circuit court on April 3, 2000. The abstract on appeal must contain, at a minimum, the pleadings and documents that are necessary to an understanding of the issues raised. Sup. Ct. R. 4-2(a)(6). Appellants' abstract does not contain either of the motions that they filed to enforce April 3, 2000 order. We are therefore precluded from addressing this point on appeal. *See Woolsey v. Arkansas Real Estate Comm'n, supra.*

Affirmed.